

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 7 2021

RICK WARREN
COURT CLERK

111 _____

JAKAYLA CARTER,

    Plaintiff,

v.

GOWISE USA,

    Defendant.

Case Number:

CJ-2021-1503

## PETITION

Jakayla Carter, for her Petition, states as follows:

1. Ms. Jakayla Carter is a citizen and resident of Oklahoma County, Oklahoma.

2. Defendant GoWise USA ("GoWise") is, upon information and belief, an Arizona company and the subsidiary of the Chinese company, Ming's Mark. GoWise designs, manufactures, markets, imports, distributes and sells a wide range of consumer kitchen products, including the pressure cooker at issue in this case: the GoWise electric pressure cooker, Model No YBW12LH (the "Pressure Cooker").

3. In approximately December 2018, Ms. Carter's mother, Esperanza Porter, purchased a Pressure Cooker from a Wal-Mart store in Oklahoma City. The Pressure Cooker was manufactured in China.

4. The events that led to this lawsuit occurred in Oklahoma County. Venue is proper pursuant to 12 O.S. §§137, 143.

5. GoWise touts the safety of its pressure cookers, assuring customers that as a "safety mechanism, the lid is locked and cannot be opened until the floater valve drops." GoWise Safety Manual, pp. 14, 15.

6. On or about November 25, 2020, Ms. Carter was cooking food in the Pressure Cooker. At the completion of the cooking cycle, Ms. Carter pressed the manual pressure release switch in preparation for safely opening the Pressure Cooker lid. However, the lid of the Pressure Cooker suddenly and violently exploded upwards from the pressure remaining within the Pressure Cooker. Scalding hot water and food exploded from the Pressure Cooker on Ms. Carter causing severe burns and injuries.

7. The Pressure Cooker cannot, in theory, be opened if sufficient (i.e. "high") pressure exists within Pressure Cooker. Thus, a mechanical "floater valve" should prevent the Pressure Cooker's lid from "opening" if high pressure exists within the Pressure Cooker. However, due to a defect in the Pressure Cooker it will heat and then the Pressure Cooker's lid can be opened despite the "floater valve" being in a closed or locked position.

8. GoWise USA failed to adequately design, manufacture, inspect and test the Pressure Cooker, and failed to inform the ordinary consumer of the precautions necessary to avoid its dangerous characteristics.

9. GoWise USA failed to adequately warn the ordinary consumer of the dangers associated with normal operation of the Pressure Cooker.

10. GoWise USA failed to adequately instruct the consumer as to how to avoid dangerous conditions during normal operation of the Pressure Cooker.

11. Among other defects, the Pressure Cooker will heat and then the Pressure Cooker's lid will open despite the "floater valve" being in a closed position. The Pressure Cooker failed to incorporate an adequately safe design, such as an effective mechanical lock for the lid that would prevent it from heating and then opening (and exploding) when a

high-pressure condition exists within the Pressure Cooker. The design is further defective in that it permits the Pressure Cooker's lid to be installed "upside down" causing the floater valve to be in a closed position, but still permitting heating and pressure without an adequate mechanism to release such pressure. Further, the Pressure Cooker is defective in that the mechanism for release of pressure within the Pressure Cooker is inadequate. Thus, the Pressure Cooker includes a "manual" pressure button release rather a continuous release switch the latter of which would permit pressure within the Pressure Cooker to be properly, and safely released.

12. The Pressure Cooker is defective because its design permits the ordinary user to operate it, without warning, in a dangerous manner. Thus, as an example, the Pressure Cooker includes no warning concerning the proper placement of the inner lid of the Pressure Cooker, or the dangerous conditions that result if the inner lid is not "properly" installed. If the inner lid is installed in the "upside down" position such can cause the "floater valve" to remain in the closed (or "upwards") and the Pressure Cooker can heat and create dangerous pressure within the Pressure Cooker.

13. The Pressure Cooker is defective because it fails to implement a design that would prevent its operation unless the inner lid was properly placed in the Pressure Cooker. Alternatively, the Pressure Cooker is defective because its design permits, without warning, upside-installation of the inner lid.

14. The Pressure Cooker is defective because it fails to incorporate a design that would prevent the Pressure Cooker's top lid from being turned from the "closed" position to the "open" position unless the "floater valve" had properly fallen to the down (or "open") position.

15. GoWise knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Ms. Carter and consumers like her.

16. GoWise ignored and/or concealed its knowledge of these defects in its pressure cookers from Ms. Carter, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Ms. Carter and consumers like her.

17. The defects in the Pressure Cooker described herein caused and/or directly contributed to Ms. Carter's injuries during her normal use and operation of the Pressure Cooker.

18. As a result of these defects, the Pressure Cooker exploded, emptying its scalding contents on Ms. Carter. Ms. Carter was severely and permanently injured, was hospitalized, and endured numerous medical treatments. Further, as a direct and proximate cause of GoWise's conduct, Ms. Carter has suffered lost wages, incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

**COUNT I**
**MANUFACTURER'S PRODUCTS LIABILITY**
*STRICT LIABILITY—DESIGN DEFECT*

19. Plaintiff re-alleges paragraphs 1-18 herein.

20. Ms. Carter's injuries were the result of a defect in the Pressure Cooker manufactured and sold by defendant GoWise which rendered the Pressure Cooker unreasonably

dangerous to a person like Ms. Carter who uses, consumes or might reasonably be expected to be affected by the Pressure Cooker.

21. The defect in the Pressure Cooker was due to GoWise's failure to exercise reasonable care in the design, manufacture, testing and inspection, distribution, and sale of the Pressure Cooker.

22. As a result, the Pressure Cooker contains defects in its design which renders it unreasonably dangerous to consumers, such as Ms. Carter, when used as intended or as reasonably foreseeable to GoWise. The defect in the design allows consumers such as Ms. Carter to cook and to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, severe scald burns.

23. Ms. Carter used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

24. The Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

25. As further set forth above, the design defects allowing the lid to open while the unit was still pressurized rendered the Pressure Cookes defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cooker.

26. As a direct and proximate result of GoWise's design of its Pressure Cookers, Ms. Carter suffered severe injuries and damages described herein.

27. Despite the fact that GoWise knew or should have known that Ms. Carter and consumers like her were able to remove the lid while the Pressure Cooker was still

pressurized continued to market and sell its Pressure Cookers to the general public (and continues to do so).

28. GoWise's conduct, as described above, was extreme and outrageous. GoWise risked the safety and well-being of consumers and users of its Pressure Cookers, including the Plaintiff this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

## COUNT II
## MANUFACTURER'S PRODUCTS LIABILITY
### *STRICT LIABILITY - FAILURE TO WARN*

29. Plaintiff re-alleges paragraphs 1-28 herein.

30. At the time in which the Pressure Cooker was purchased, up through the time Ms. Carter was injured, GoWise knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

31. GoWise had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

32. As a direct and proximate result of GoWise's failure to warn of the dangers of its Pressure Cookers, Ms. Carter suffered injuries and damages described herein.

33. Despite the fact that GoWise knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, GoWise continued to market its Pressure Cookers to the general public (and continues to do so).

34. GoWise's conduct, as described above, was extreme and outrageous. GoWise risked the safety and well-being of the consumers and users of its Pressure Cookers, including

Ms. Carter, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. GoWise made conscious decisions not to redesign, warn or inform the consuming public. Defendant's outrageous conduct warrants imposition punitive damages.

## COUNT III
## NEGLIGENCE

35. Plaintiff re-alleges paragraphs 1-34 herein.

36. GoWise has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Ms. Carter.

37. GoWise failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that GoWise knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to Ms. Carter and other consumers.

38. GoWise was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers.  GoWise failed to use due care in designing and manufacturing the Pressure Cookers to avoid unreasonable risks to consumers like Ms. Carter. GoWise knew, or should have known, that consumers were able to remove the lid while the Pressure Cookers were still pressurized, and yet GoWise continued to market its Pressure Cookers to the consuming public.

39. GoWise's conduct, as described above, was extreme and outrageous. GoWise risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety problems without disclosing same to the consuming public. GoWise made the decision to continue to

market and sell the Pressure Cooker rather than redesign, warn or inform the consuming public. Defendant's outrageous conduct warrants imposition of punitive damages.

## JURY TRIAL DEMANDED

Plaintiff demands that this matter be tried to a properly impaneled jury.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. damages to compensate Plaintiff for her injuries, past and future medical bills, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure Cooker;

b. pre- and post-judgment interest at the lawful rate;

c. attorneys' fees;

d. punitive damages; and

e. for any other relief as this Court may deem equitable and just.

Respectfully submitted,

_____
Anton J. Rupert, OBA #7827
Geren T. Steiner, OBA #18845
**RUPERT STEINER & MORGAN, PLLC**
14001 Quail Springs Parkway
Oklahoma City, OK 73134
(405) 607-1494
(405) 607-1450 (Facsimile)
tony@rsm-law.com
geren@rsm-law.com

and

/s/ Bryan Garrett
Bryan Garrett
**BRYAN GARRETT, PLLC**
119 N. Robinson Avenue
Suite 650
Oklahoma City, OK 73102
(405) 839-8424
Bgarrettlaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS LIEN CLAIMED**